UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| EUGENE CICCIMARO | : | |
| Debtor | : | Bankruptcy No. 03-35430 |
| EUGENE CICCIMARO | : | |
| Plaintiff | : | |
| v. | : | |
| JACQUELINE F. EMORE and MARIA EMORE CICCIMARO | : | Adversary No. 06-0295 |
| Defendants | : | |

..................................................

MEMORANDUM

..................................................

Defendant Jacqueline F. Emore has filed a motion to dismiss this adversary proceeding, contending that the plaintiff either seeks an advisory opinion, or that the issues posed can and should be decided by state court. Defendant Maria Ciccimaro seeks summary judgment for the same reasons. The plaintiff opposes dismissal or summary judgment, contending that there are material facts in dispute, that no advisory opinion is sought, and that his complaint states a cause of action which must be first resolved in this court before any further adjudication is undertaken by the parties in state court.

From the pleadings and arguments of counsel, it is clear that this adversary proceeding is the outgrowth of a divorce action currently pending in the Montgomery County Court of Common Pleas. It is further apparent that the proceeding involves the equitable distribution of marital property and the effect, if any, upon that distribution by

the existence of a state court judgment entered in favor of defendant Emore against defendant Ciccimaro and by the plaintiff's chapter 7 bankruptcy discharge.

In his complaint, the plaintiff alleges that defendant Emore has attempted to collect her judgment claim against the proceeds of marital property in violation of the bankruptcy discharge entered in March 2004. He further avers that defendant Ciccimaro has sought to violate the discharge injunction by asserting a credit against the marital property of those claims discharged in the plaintiff's bankruptcy, but for which she remains liable, such as the Emore judgment. These actions of the defendants are alleged by the plaintiff to be in violation of 11 U.S.C. § 524(a).

I heard oral argument on the two motions filed by the defendants. Certain representations of counsel were made at the hearing which, if accepted as true, may affect the outcome of these two motions. For example, at oral argument, the parties agreed that this dispute concerns the proceeds of a sale of realty, currently being held by a title company. In addition, counsel for defendants Emore and Ciccimaro explained how their clients would attempt to treat the debtor's bankruptcy discharge in state court in a manner, they believe, consistent with the discharge injunction. They also argue that the state court is fully capable of giving effect to the plaintiff's bankruptcy discharge.

The plaintiff concedes that it is appropriate for the state court to render a final decision on the question of equitable division of marital property. However, he contends that the actions of the defendants in state court are improper attempts to circumvent the legal effect of his bankruptcy discharge.

The current procedural posture renders a determination of these pending motions somewhat problematic but readily correctable.

First, defendant Emore stated at oral argument that her motion was based upon Fed. R. Bankr. P. 7012, incorporating, inter alia, Fed. R. Civ. P. 12(b)(6), for plaintiff's failure to state a claim. However, prior to filing this motion, she had filed an answer and counterclaim to plaintiff's complaint. Rule 12(b) states that dismissal motions should be filed "before pleading." Thus, technically, a motion to dismiss under Rule 12(b)(6) cannot be considered if filed after an answer is filed. See, e.g., Only v. Ascent Media Group, LLC, 2006 WL 2865492, at *7 (D.N.J. 2006) ("Because Plaintiff Only answered Defendant Ascent Media's Complaint in Docket No. 06-2374 on June 5, 2006, he has improperly filed a Motion to Dismiss."); Broadcast Employees v. International Brotherhood of Teamsters, 419 F.Supp. 263, 275 n.15 (E.D. Pa. 1976); Vassardakis v. Parish, 36 F. Supp. 1002, 1003 (S.D.N.Y. 1941).

Second, defendant Ciccimaro's summary judgment motion under Fed. R. Bankr. P. 7056, incorporating Fed. R. Civ. P. 56, is, as plaintiff contends, also technically defective. Summary judgment is only appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The summary judgment motion was not accompanied by any affidavits, depositions, answers to interrogatories or admissions. And the pleadings filed in this court by themselves would be insufficient to grant summary judgment.

It was clear from the defendants' counsels' oral arguments that both defendants' motions were relying upon copies of state court pleadings submitted at an earlier hearing on the debtor's motion to reopen this chapter 7 bankruptcy case. That

3

dispute was technically a contested matter under Fed. R. Bankr. P. 5010 and 9014, which is distinct from the present adversary proceeding triggered by a complaint. And it was further clear at oral argument that plaintiff's counsel took the position that these documents were not of record for purposes of the two pending motions.

Whether or not the plaintiff's position regarding those state court pleadings is overly technical, I can insure that all parties have adequate notice and full benefit of all legitimate procedural provisions before adjudicating these two motions. In essence, I shall treat both motions as requesting summary judgment, relying upon facts outside the plaintiff's complaint, see Fed. R. Civ. P. 12(b), and afford plaintiff sufficient opportunity to respond. All parties will be placed on notice that the copies of the state court pleadings and docket submitted in the earlier contested matter shall be made part of the record for purposes of defendants' motions for summary judgment.

Therefore, the following appropriate order shall be entered.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| EUGENE CICCIMARO | : | |
| Debtor | : | Bankruptcy No. 03-35430 |
| EUGENE CICCIMARO | : | |
| Plaintiff | : | |
| v. | : | |
| JACQUELINE F. EMORE and MARIA EMORE CICCIMARO | : | Adversary No. 06-0295 |
| Defendants | : | |

................................................

ORDER

................................................

AND NOW, this 16th day of January 2007, for the reasons stated in the accompanying memorandum, it is hereby ordered as follows:

1. Pursuant to Fed. R. Civ. P. 12(b), incorporated into adversary proceedings by Fed. R. Bankr. P. 7012, I hereby notify all parties that I shall treat defendant Emore's motion to dismiss as though it were a motion for summary judgment. Thus, there are now two pending motions for summary judgment in this proceeding.

2. I hereby notify all parties that all of the state court pleadings entered of record in the earlier contested matter are part of the record for summary judgment purposes in this adversary proceeding. That record can be amplified by parties as provided in Rule 56.

   3. Third, defendants shall have until January 26, 2007 to file and serve any affidavits or other documents, in conformity with Rule 56(e), in support of the summary relief requested.  The positions taken by defendants' counsel regarding their clients' intentions in state court will only be considered if submitted as part of an affidavit by the defendant.  Furthermore, unless defendant Emore argues otherwise, I shall treat her request for dismissal of this proceeding as also agreeing to dismissal of her counterclaim against the plaintiff were the plaintiff's claim against her dismissed.

   4.  The plaintiff shall have until Feb 8, 2007 to file and serve counter-affidavits and other documents, also in conformity with Rule 56(e).  Any discovery by plaintiff in opposition to summary judgment must be completed so this submission deadline can be met.

   It is further ordered that having heard extensive arguments of counsel, I do not believe it necessary to schedule any further oral argument on these motions.  Thus, there will be no further hearings on these two motions unless a party in interest so requests and presents a persuasive reason that further argument is warranted.  However, if any party desires to supplement their previously filed legal memorandum, they are free to do so within the deadlines for submissions set out above.

*/s/ Bruce Fox*
_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

David A. Scholl, Esq.
Regional Bankruptcy Center of SE PA
Law Office of David A. Scholl
6 St Albans Avenue
Newtown Square, PA 19073

Carole L. Hendrick, Esq.
Attorney at Law
3927 Mill Road
Collegeville, PA 19426

Christina M. Rogomentick, Esq.
Willig, Williams & Davidson
1814 Chestnut Street
Philadelphia, PA 19103

Margaret S. Phiambolis, Esq.
1012 Bethlehem Pike, Suite 103
P.O. Box 356
Spring House, PA 19477

Scott M. Orloff, Esq.
Willig Williams & Davidson
1814 Chestnut Street
Philadelphia, PA 19103